The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MÄRT LIIKANE, | Case No. C09-1573-JCC |
| Plaintiff, | |
| v. | MINUTE ORDER |
| CITY OF EDMONDS, OFFICER MEL MOORE, ZACHOR AND THOMAS, INC., P.S. and MELANIE S. THOMAS DANE, | |
| Defendants. | |

This matter comes before the Court on Defendants City of Edmonds and Officer Mel Moore's motion for summary judgment (Dkt. No. 14), Defendants Zachor & Thomas, Inc. P.S. and Melanie S. Thomas Dane's motion for summary judgment (Dkt. No. 16), Plaintiff's response to both motions (Dkt. No. 24), and Defendants' joint reply. (Dkt. No. 26.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motions for the reasons explained herein.

I.  BACKGROUND

This case arises from a speeding ticket Plaintiff received from Officer Mel Moore on September 18, 2007. (Edmonds Mot. 2 (Dkt. No. 14).) On October 1, 2007, Plaintiff requested a hearing to contest the infraction notice. (*Id.* at 3.) On November 15, 2007, Plaintiff filed a

MINUTE ORDER
PAGE - 1

motion for jury demand and change of venue for the hearing. (*Id.*) At Plaintiff's hearing on December 21, 2007, the court denied Plaintiff's motions and found that Plaintiff had committed the speeding infraction. (*Id.*) On January 8, 2008, Plaintiff appealed the denial of his request for a change of venue and for a jury trial to the Snohomish County Superior Court. (*Id.*) On May 28, 2008, Judge Bruce Weiss of the Snohomish County Superior Court denied the appeal. (*Id.*) On June 25, 2008, Plaintiff filed a notice of appeal to the Washington Court of Appeals. (*Id.*) The Court of Appeals dismissed the appeal on December 5, 2008. (*Id.*)

Plaintiff also brings claims against the prosecuting attorneys for the City of Edmonds, Zachor & Thomas, arising from an incident on November 25, 2008. Plaintiff claims that he was prevented from serving court papers at the office. Zachor & Thomas claim that Plaintiff "aggressively barged into the office and reportedly tried to instigate a physical fight with Joseph Everett, a Zachor & Thomas attorney." (Zachor Mot. 3 (Dkt. No. 16).) Plaintiff now files this action in federal court.

**II.    DISCUSSION**

Plaintiff's briefing is long on impassioned, fiery language and regrettably short on legal analysis. Plaintiff brings a loosely organized set of grievances and the Court will address each in turn.

**A. Federal Constitutional Claims**

Plaintiff's primary claim is that he was denied a jury trial, during the hearing on his speeding ticket, in violation of the Seventh Amendment to the United States Constitution. (Compl. 3 (Dkt. No. 1).) This argument stems from a misreading of the Constitution. The Seventh Amendment to the United States Constitution does not apply through the Fourteenth Amendment to the states in civil trials. *Minneapolis & St. L. R.R. v. Bombolis*, 241 U.S. 211 (1916). The right to jury trial in civil proceedings is protected solely by the Washington Constitution in article 1, section 21. *Sofie v. Fibreboard Corp.*, 771 P.2d 711, 716 (Wash.

1989). Accordingly, the Court finds that Plaintiff has failed to allege a violation of Seventh Amendment to the United States Constitution.

In his response, Plaintiff also alleges Fourteenth Amendment due process violations stemming from the same denial of a jury in the hearing for his speeding ticket. (Resp. 2–3 (Dkt. No. 24).) The Due Process Clause prohibits a state from depriving a person of property without due process of law. To determine how much process is due, the Court turns to the familiar *Mathews* test, which balances (1) the private interest at stake, (2) the risk of erroneous deprivation and the value of additional process, and (3) the government's interest and the cost of additional process. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *Mathews* does not require a full trial before a state deprives a person of property, merely "some form of hearing." *Id.* at 333.

In this case, the private interest at stake is low. The speeding ticket was for $158.00, and the Court assumes that Plaintiff's insurance premiums could increase. Plaintiff has not alleged that this fine imposes a significant burden on him.

The risk of erroneous deprivation is low. Plaintiff was granted a hearing, at which he and Officer Moore testified. (Reply 1 (Dkt. No. 26).) Plaintiff alleges that with a jury, his chances of prevailing would be "50/50," but with the judges, he would have "zero chance." (Resp. 2 (Dkt. No. 24).) Plaintiff provides no support for this claim.

The cost of additional process is high. Jury service is a demanding and taxing civic duty. To compel six to twelve people to put their own lives on hold in order to decide a speeding ticket would be an improper imposition. The Court suggests that Plaintiff might be grossly overestimating the sympathies of a group of people required to spend the day listening to Plaintiff dispute a speeding ticket.

Balancing all factors, the Court finds that due process was provided. Accordingly, Plaintiff's Constitutional claims are DISMISSED.

MINUTE ORDER
PAGE - 3

**B. State-law claims**

Plaintiff's remaining claims are state-law claims and do not come under the Court's original jurisdiction. The only possible basis on which the Court could exercise jurisdiction over these claims would be under federal supplemental jurisdiction pursuant to 28 U.S.C. § 1367. In *United Mine Workers v. Gibbs*, 383 U.S. 715, 726–727 (U.S. 1966), the Supreme Court established a standard for dismissal of state-law claims: "[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." This rule is not mandatory, but merely recognizes that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). The Court has dismissed all federal claims, and sees no compelling reason to decide the state-law claims here. Accordingly, Plaintiff's state-law claims are DISMISSED without prejudice.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motions for Summary Judgment are GRANTED. (Dkt. Nos. 14 & 16.) The Clerk is DIRECTED to close the case.

DATED this 17th day of May, 2010.

John C. Coughenour
UNITED STATES DISTRICT JUDGE